[Criminal No. 617.   Filed June 17, 1926.]

[247 Pac. 129.]

## CLARENCE HANN, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW.—Although general assignments of error which fail to point out particular errors complained of are disapproved, court may proceed to review them.

2. CRIMINAL LAW.—In reviewing instructions, they will be considered as a whole, and not by taking therefrom certain isolated phrases or sentences.

3. CRIMINAL LAW.—Failure to instruct on any particular phase of case is not reversible error, if instructions thereon are not requested.

4. HOMICIDE—INSTRUCTIONS SPECIFICALLY REQUIRING FINDING OF PREMEDITATION AND MALICE TO CONVICT OF ASSAULT WITH DEADLY WEAPON WITH INTENT TO MURDER, HELD NOT OBJECTIONABLE AS TAKING FROM JURY CONSIDERATION OF CHARGE OF ASSAULT WITH DEADLY WEAPON.—In prosecution for assault with deadly weapon

---

2.   See 8 Cal. Jur. 631.
3.   See 8 Cal. Jur. 309.

with intent to murder, where court instructed both premeditation and malice were necessary therefor, and carefully explained terms, instructions as a whole, though not so explicit as they might have been, *held* not objectionable as taking from jury charge of assault with deadly weapon because failing to properly explain elements of voluntary manslaughter.

5. HOMICIDE—SUBMISSION UNDER INSTRUCTIONS OF VERDICT FOR ASSAULT WITH DEADLY WEAPON WITH INTENT TO MURDER, AND ASSAULT WITH DEADLY WEAPON, AND FOR NOT GUILTY, HELD SUFFICIENT.—In prosecution for assault with deadly weapon with intent to murder, instructions, submitting verdict for assault with deadly weapon with intent to murder, for assault with deadly weapon, and for not guilty, *held* sufficient, especially in view of further instruction that, if accused had committed public offense, and there was reasonable ground of doubt as to which of two or more degrees he was guilty of, he could be convicted of lower degree only.

6. CRIMINAL LAW—INSTRUCTION THAT, IF ACCUSED APPEARED TO HAVE COMMITTED OFFENSE, AND THERE WAS REASONABLE DOUBT AS TO ITS DEGREE, HE COULD BE CONVICTED OF LOWER DEGREE ONLY, HELD FAVORABLE TO DEFENDANT.—Instruction that, if it appeared that accused had committed public offense, and there was reasonable doubt as to which of two or more degrees he was guilty of, he could be convicted of lower degree only, *held* to favor accused, and was not objectionable as assuming his guilt.

7. CRIMINAL LAW — USE OF EXPRESSION "REASONABLE GROUND OF DOUBT" IN INSTRUCTION RELATING TO CONVICTION FOR VARIOUS DEGREES OF OFFENSE HELD NOT OBJECTIONABLE.—Use of expression "reasonable ground of doubt" in instruction requiring conviction of lesser degree, if jurors had such ground of doubt as to which offense accused was guilty of, *held* not objectionable.

8. HOMICIDE—IN PROSECUTION FOR ASSAULT WITH INTENT TO MURDER, INSTRUCTION THAT DEFENDANT COULD NOT BE ACQUITTED ON GROUND OF INSANITY IF HE COULD DISTINGUISH BETWEEN RIGHT AND WRONG HELD PROPER.—In prosecution for assault with a deadly weapon with intent to murder, instruction that, if jury believed beyond reasonable doubt that accused was able to distinguish right and wrong, and knew nature and quality of act, he could not be acquitted on ground of insanity, *held* proper.

9. HOMICIDE—INFORMATION CHARGING "FELONY, TO WIT, ASSAULT WITH DEADLY WEAPON WITH INTENT TO COMMIT MURDER," HELD TO PROPERLY CHARGE OFFENSE (PEN. CODE 1913, § 193).—Although

---

5.  Conviction of lower or different degree in prosecution for homicide, see notes in 21 L. R. A. (N. S.) 1; 43 L. R. A. (N. S.) 813. See, also, 13 R. C. L. 757.

8.  See 8 Cal. Jur. 863; 14 R. C. L. 64.

Penal Code of 1913, section 193, states offense as assault with intent to commit murder, information charging a "felony, to wit, assault with a deadly weapon with intent to commit murder," *held* not erroneous, being mere attempt of pleader to supply name complying with statute.

10. INDICTMENT AND INFORMATION.—Information charging assault with deadly weapon with intent to commit murder includes lesser degree of assault with deadly weapon.·

11. HOMICIDE.—Where accused shot assaulted party twice at short range with shotgun, refusal to charge on crime of simple assault *held* proper.

12. CRIMINAL LAW.—Court will take judicial notice that double-barreled shotgun, fired at short range, is deadly weapon in highest degree.

13. CRIMINAL LAW.—In prosecution for assault with deadly weapon with intent to murder, introduction of blood-stained clothing of complaining witness *held* not erroneous.

14. CRIMINAL LAW.—Court has no duty to point out to counsel proper method of getting before jury any particular character of evidence.

15. CRIMINAL LAW—FAILURE TO CAUTION JURY TO DISREGARD DEPOSITION STRICKEN FROM EVIDENCE HELD HARMLESS, IF ERRONEOUS, WHERE DEPONENT MERELY STATED THAT HE KNEW NOTHING ABOUT MATTERS INQUIRED INTO.—Although deposition was stricken from evidence on motion of accused, failure of court to caution jury to disregard it *held* harmless, if erroneous, where, in reply to questions, deponent had merely stated that he knew nothing about the matters, one way or another.

16. CRIMINAL LAW.—Under Constitution, article 6, section 22, court will not reverse for technical errors in pleading and proceedings, where, from whole record, it appears substantial justice has been done.

---

See (1) 17 C. J., p. 182, n. 39. (2) 16 C. J., p. 1049, n. 82. (3) 17 C. J., p. 66, n. 15. (4–7) 16 C. J., p. 990, n. 3, p. 1050, n. 84; 30 C. J., p. 371, n. 34, p. 399, n. 47, 51. (8) 16 C. J., p. 100, n. 12. (9, 10) 30 C. J., p. 118, n. 87; 31 C. J., p. 854, n. 38. (11, 12) 16 C. J., p. 517, n. 63 New; 30 C. J., p. 398, n. 39. (13, 14) 16 C. J., p. 619, n. 49; 40 Cyc., p. 2417, n. 64. (15) 17 C. J., p. 318, n. 12. (16) 17 C. J., p. 368, n. 5.

11. What constitutes deadly weapon, see note in Ann. Cas. 1912A 1328. See, also, 3 Cal. Jur. 205; 2 R. C. L. 546.

13. Admissibility of clothing worn by deceased at time of killing, see note in Ann. Cas. 1912A 775. See, also, 8 Cal. Jur. 146; 8 R. C. L. 180; 13 R. C. L. 928.

16. See 8 Cal. Jur. 599.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Affirmed.

Messrs. Timmons & Hoover, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for the State.

LOCKWOOD, J.—Clarence Hann, hereinafter referred to as defendant, lived on a ranch in Yuma county, Arizona. It was a number of miles from the nearest town or postoffice and his acquaintances who lived in the country beyond the ranch were accustomed to get his mail for him at the postoffice and to deliver it at his home. One McCullough, who lived in the vicinity, having, on the third day of October, 1924, collected some mail for Hann, on his arrival at the latter's ranch, drove into the yard for the purpose of delivering the mail. As he entered the yard Hann came out of the house, and, when he saw McCullough stop, stepped back in, re-appearing in a moment with a shotgun, and, after ordering McCullough's companion, one Braniff, to leave the car, fired both barrels of the shotgun at McCullough, shooting out an eye with the first discharge and cutting off the left hand with the second.

Hann was thereafter informed against for assault with a deadly weapon with intent to commit murder, found guilty and sentenced to the state prison for not less than fifteen, nor more than twenty, years. A motion for a new trial was duly overruled and defendant appealed to this court.

There are eight assignments of error. These are general in their terms, and do not point out the particular errors complained of, so that we are compelled to resort to the argument of counsel to deter-

30 Ariz.—24

mine what legal propositions they attempt to raise. We have frequently criticised assignments of this character as imposing an unnecessary burden on the court, and perhaps causing it to overlook some points relied on, but nevertheless we will review them as best we may.

The argument on the first, second and third assignments of error is apparently intended as a complaint in regard to several instructions given, refused and omitted by the trial court. In discussing these instructions, we desire to reiterate two cardinal principles of criminal law in regard to instructions which we have stated repeatedly in many decisions, but which are frequently ignored or overlooked by counsel in assigning error. The first is that instructions will be considered as a whole, and not by taking therefrom certain isolated phrases or sentences. *Faltin* v. *State,* 17 Ariz. 278, 151 Pac. 952; *Lenord* v. *State,* 15 Ariz. 137, 137 Pac. 412; *Quong Yu* v. *Territory,* 12 Ariz. 183, 100 Pac. 462; *United States* v. *Tenney,* 2 Ariz. 127, 11 Pac. 472.

The second is that, if counsel fail to request instructions on any particular phase of the case, it is not reversible error, if the court fails to give them. *Ward* v. *Territory,* 7 Ariz. 241, 3 Ann. Cas. 137, 64 Pac. 441; *Bush* v. *State,* 19 Ariz. 195, 168 Pac. 508; *Uren* v. *State,* 27 Ariz. 491, 232 Pac. 398; *Douglas* v. *State,* 26 Ariz. 327, 225 Pac. 335.

With these two principles for our guidance we will consider the objections. Apparently the first is that the court took from the consideration of the jury the charge of assault with a deadly weapon by failing properly to explain the elements of voluntary manslaughter, and that the law of self-defense was practically eliminated by the instructions. We have examined them carefully, and, while they might be more explicit on these subjects, yet we think that as a whole the jury could not have been misled thereby.

The court was particular to emphasize the fact that, in order to convict the defendant of the higher offense charged, both premeditation and malice were necessary, and carefully explained these two terms. Nor do we think the charge denied the defendant the right of self-defense, as later on the court explained fully the law of self-defense with the qualifications and limitations thereof. It is true that it would have been better had the court instructed fully on the elements of an assault with a deadly weapon, but there was no request by the defense therefor, and, as stated above, we have repeatedly held reversible error cannot be predicated on a mere failure to instruct. The court submitted to the jury a verdict for assault with a deadly weapon with intent to commit murder, for assault with a deadly weapon, and for not guilty. This, we think, was sufficient to satisfy the requirements of the law, especially when taken into consideration with the further instruction that, if it appeared defendant had committed a public offense, and there was reasonable ground of doubt as to which of two or more degrees he was guilty of, he could be convicted of the lower degree only. This last instruction favored the defendant, and we do not think it assumed him to be guilty of anything. Nor do we think the use of the phrase "reasonable ground of doubt" was objectionable. It is not to be assumed that any juror would entertain a reasonable doubt without having some grounds therefor which appear reasonable to him. We think the instructions given on the crimes charged, on the question of reasonable doubt, and self-defense were correct so far as they went, and that defendant is not in a position to raise the objection that they should have gone further.

The defense of insanity was made an issue in the case, and the court instructed thereon. This instruction reads as follows:

"If you believe from all the evidence beyond a reasonable doubt that, at the time of the committing of the alleged offense, the defendant was able to distinguish right and wrong, and to know the nature and quality of his act, then you cannot acquit him on the ground of insanity. If you believe from the evidence beyond a reasonable doubt that the defendant committed the crime in manner and form as charged in the information, and at the time of committing such act was able to distinguish right and wrong and to know the nature and quality of his act, you should find him guilty."

We think the test laid down by the trial court as to the extent of insanity required to acquit a defendant for crime is the law of Arizona, no matter what some psychologists and criminologists may think.

This covers the points raised by defendant under his first, second and third assignments of error so far as we are able to determine what they are from the argument.

The argument on the fourth assignment of error is that "assault with a deadly weapon with intent to commit murder" is a crime unknown to the Penal Code of Arizona. Section 193, Penal Code of 1913, on which the information was based, reads:

"193. Every person who assaults another, with intent to commit murder, is punishable by imprisonment in the state prison not less than five years and which may extend to life."

It will be seen the crime set forth therein is not named, but described; the essential ingredients being the assault and the intent or purpose. It is not erroneous, but highly proper, when an assault is claimed to have been made with a deadly weapon, so to state, and the name given the offense in the information, "felony, to wit, assault with a deadly weapon with intent to commit murder," was obviously an attempt of the pleader to supply from the allegations of the

information a name which would comply with the statute. We see no error therein, nor was the verdict one of conviction of two offenses. The information, of course, included as a matter of law two different grades of assault, and the verdict was explicit that it was the higher degree of which the defendant was convicted.

The argument on the fifth assignment is that the court refused, when requested by defendant, to instruct the jury on the crime of simple assault. We think this action was eminently correct. The undisputed evidence showed that defendant shot McCullough with a double-barreled shotgun at short enough range to destroy an eye and practically amputate a hand. It might be that defendant could successfully raise the issue of either self-defense or insanity, but to hold that he could claim any theory of the evidence would sustain a verdict of simple assault is an absurdity. The court will take judicial notice that a double-barreled shotgun fired at short range is a deadly weapon in the highest degree, and that its discharge at another person under the circumstances shown by the record cannot be a simple assault, though it may be justifiable or excusable.

The next assignment of error is that the court erred in overruling the demurrer to the information. The information in this case followed the form used in *Lee* v. *State,* 27 Ariz. 52, 229 Pac. 939, and, while such form is not a model, yet we held it sufficient.

The seventh assignment is that the court erred in the admission and rejection of evidence, and there are several matters taken up thereunder. The first is the introduction of the blood-stained clothing of the complaining witness. We think that in the state's case in chief it was entitled to offer these garments. *State* v. *Breyer,* 40 Idaho 324, 232 Pac. 560.

The state had brought out from the prosecuting witness a statement that his relations with defendant

and his wife up to the time of the alleged assault were friendly. In order to refute this testimony defendant endeavored to show by two witnesses that the relations between himself and McCullough were not friendly. While it might be that such hostility could have been shown by proper questions, we have examined the particular rulings of the court set up by defendant in his brief, and are of the opinion that they were technically correct upon the questions as asked. It is not the duty of the court to point out to counsel the proper method of getting before the jury any particular character of evidence.

There are some other objections to the rulings of the court on the evidence, but we consider them to be immaterial, and not necessary to be discussed, with the exception of the last one, and that is the introduction by the state of a certain deposition over the objection of the defendant. It appears from the record this deposition was taken at the request of defendant, but he failed to introduce it, and it was then offered by the state. After the deposition had been admitted, a motion to strike it was granted, but the court failed to caution the jury to disregard this deposition. Even though the court erred thereby, we think it was harmless. It appears that the deponent was interrogated in regard to certain alleged troubles between McCullough and defendant, and he replied, in substance, that he knew nothing one way or the other about such matters. Obviously this testimony could in no manner have prejudiced defendant before the jury.

The last assignment of error is that the verdict is contrary to the law and the evidence. No point apparently is raised by this assignment which is not covered by the previous ones. On the whole record in this case it appears to us that substantial justice has been done, and, notwithstanding that there may be some technical errors in the pleading or proceed-

ings, under article 6, section 22, of the Constitution, it is our duty to affirm the judgment and it is so ordered.

Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.