395 P.2d 706

**STATE of Arizona, Appellee,**

v.

**Archie CRAVIN, Appellant.**

**No. 1317.**

Supreme Court of Arizona.

In Division.

Oct. 14, 1964.

H. B. Daniels and Vincent D. Maggiore, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., and Samuel J. Macaluso, Asst. Atty. Gen., for appellee State of Arizona.

SCRUGGS, Justice.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

Archie Cravin, the defendant, has appealed from a judgment imposed upon a conviction of assault with intent to murder.

The defendant was charged by an Information with three crimes: Count I, assault with intent to murder; Count II, resisting arrest; and Count III, grand theft. The jury found defendant guilty on Count I. Count II was dismissed at the close of the State's case. The jury found the defendant not guilty on Count III. The defendant was sentenced to serve an indeterminate term of 15–20 years in prison.

Reviewing the evidence in the light most favorable to sustain the conviction, the pertinent facts are as follows:

About four o'clock p. m. on December 12, 1961, Eugene C. Naegle, a deputy sheriff of Maricopa County, arrested the defendant and attempted to take him into custody. The arrest was at a point off the canal road near the Consolidated Canal near Chandler, Arizona. The defendant resisted

and a scuffle followed. The defendant and the officer fell to the ground. The defendant finally was on top of the officer and took the officer's gun from its holster. The defendant then pointed the gun towards the officer's stomach and stated, in effect, that he had the officer's gun and was going to kill him. With this comment, the defendant fired the gun. The bullet went under the officer's ribs on the left and lodged under his right hip. It was later removed from the body of the officer in a splintered condition. Defendant then left the scene, taking the gun with him. The officer reached his patrol car and called the sheriff's office relative to his location and his need for an ambulance. The defendant was later arrested hiding under a floor at the home of his mother-in-law in Mesa, Arizona, at which time the officer's gun was found in his possession.

On January 9, 1962, a preliminary hearing was commenced before Justice of the Peace Coy Beasley in his chambers in Chandler, Arizona. As Officer Naegle was not present at the preliminary hearing due to his injuries, the case was transferred to his hospital room. Officer Naegle became ill while being questioned on direct examination, and the Justice of the Peace deemed it advisable not to continue with the examination at that time and adjourned the hearing to his courtroom. The hearing was concluded and the defendant held to answer. At no time did the defendant ask for a recess or a continued hearing. Defendant was arraigned before the Superior Court on January 23, 1962, at which time he pleaded "Not Guilty" to all three counts of the Information.

At the outset of the trial on September 28, 1962, defendant moved to quash the Information on the ground that there was no probable cause shown at the preliminary hearing and that he did not have an opportunity to cross examine Officer Naegle during the hearing, whereby he was denied due process of law. The motion was denied.

The defendant's first and second assignments of error contend that the denial of the motion to quash was error for the reasons (1) there was no probable cause shown in the preliminary examination, and (2) the defendant was denied due process of law in that he was not permitted to cross examine a material witness, Officer Naegle.

■ The first assignment of error is without merit. The question of sufficiency of evidence at the preliminary examination before the magistrate may not be raised by a motion to quash the Information as it is not one of the enumerated grounds set forth in Rule 169, Rules of Criminal Procedure, 17 A.R.S. State v. Woolery, 93 Ariz. 76, 378 P.2d 751.

■ The second assignment of error is without merit. Defendant is contending

that he was denied due process of law on the theory that by not being permitted to cross examine Officer Naegle he was in effect denied a preliminary hearing. Assuming his contention to be correct (which contention need not now be decided), such a contention must be raised at the arraignment or within such time as the trial court may fix. Rule 79 and Rule 166 of the Rules of Criminal Procedure. This objection was not timely made and was therefore waived, since defendant's motion to quash was not made until the day of the trial, approximately eight months after the arraignment. In addition, it should be noted that the Justice of the Peace, at the time of the hearing in the hospital room, advised defense counsel that a continuance could be granted for the purpose of further examining Officer Naegle, but at no time did defendant or his counsel request a continuance.

■ The defendant's contention set forth in his third assignment of error that there was insufficient evidence to establish a specific intent to murder by the defendant, and in his fifth assignment of error that the evidence does not support the verdict, we also find to be without merit. The essential elements of the crime of assault with intent to murder are the assault and the intent or purpose. Hann v. State, 30 Ariz. 366, 247 P. 129. The specific intent to kill is an essential ingredient of the

offense of assault with intent to murder. People v. Stephens, 29 Cal.App. 616, 157 P. 572. The testimony at the trial of Officer Naegle and that of the defendant are in conflict. On an appeal from a conviction in a criminal case, we take the evidence in the light most favorable to the State and resolve all conflicts in evidence to uphold the jury's verdict. State v. Perez, 94 Ariz. 290, 383 P.2d 745. Under this rule, the evidence clearly supports the verdict. The assault, the remarks of the defendant, and the firing of the gun by the defendant constituted sufficient evidence of intent to murder.

■ There is no merit to the fourth assignment of error predicated upon the refusal of the court to direct a verdict of acquittal on Count III. Defendant contends the required felonious intent was not present in the evidence. Intent to permanently deprive the owner of his possession is an essential ingredient of grand theft. State v. Marsin, 82 Ariz. 1, 307 P.2d 607. A motion for a directed verdict questions the sufficiency, not the competency, of the evidence. It is well established that evidence is sufficient to go to the jury where it discloses facts from which the jury may legitimately deduce either of two conclusions. The evidence shows defendant took the gun from the officer, carried it with him when he fled, and that it was found in his possession when he was arrested. This is substantial evidence that the defendant

**350**

committed the crime of which he is accused. State v. Holliday, 92 Ariz. 168, 375 P.2d 370. The jury could have reasonably inferred the requisite intent from these facts. We cannot see how the defendant could have been prejudiced by submitting Count III to the jury. The jury favored him and acquitted him on this count.

Judgment of the Superior Court is affirmed.

LOCKWOOD, V. C. J., and STRUCK-MEYER, J., concurring.