452 P.2d 699

STATE of Arizona, Appellee,

v.

Vincent SCOTT, Appellant.

No. 1922.

Supreme Court of Arizona.

In Banc.

April 3, 1969.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

John M. Levy, Phoenix, for appellant.

HAYS, Justice.

The appellant, Vincent Scott, was convicted of assault with intent to commit murder, and assault with a deadly weapon. The victims were, respectively, Maurine Freeman and Yvonne Freeman. The evidence indicated that Maurine Freeman had been the girlfriend of Scott for some time, but on February 18, 1968 in the morning they had a few words and he left upset and in a "blue" mood. Thereafter during the day he drank beer and played dominoes. In the evening Scott walked up to the car in which Maurine Freeman and Yvonne Freeman were seated, and fired five shots from a pistol, hitting both Maurine and Yvonne. He then pulled the trigger a couple more times, turned away, and after throwing the gun away ran down the street. Shortly thereafter he turned himself in at the police station saying "you better lock me up. I just killed a woman.

On appeal two points have been raised: (1) Did the state prove the essential elements of the crime of assault with intent

**346**

to commit murder? and (2) Were the verdicts (on counts I and II) inconsistent and the result of confusion, mistake, and compromise, and rendered without basis in evidence?

On the first point appellant contends that there is no evidence of motive nor has the specific intent which is an element of the crime of assault with intent to commit murder been proven.

■ Motive is no element of the crime and its proof is not essential. State of Arizona v. Tuttle, 58 Ariz. 116, 118 P.2d 88 (1941). However, the specific intent to kill is an essential ingredient of the offense of assault with intent to commit murder. State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964).

We said in State v. Anthony, 104 Ariz. 133, 449 P.2d 598, 601 (1969):

"First, an intent to kill is presumed from the use of a deadly weapon. State v. Schroeder, 95 Ariz. 255, 389 P.2d 255, cert. denied, 379 U.S. 939, 85 S.Ct. 347, 13 L.Ed.2d 350; State v. Preis, 89 Ariz. 336, 362 P.2d 660."

■ There is no contradiction in the evidence that the appellant walked to the car, fired a pistol directly at his girlfriend and her daughter, and after the pistol was emptied continued to pull the trigger. From the appellant's own lips the jury heard that that day he was unhappy with his girlfriend because she wouldn't marry him, and that he was "blue." This constituted sufficient evidence of intent to murder.

■■ On the final point, we see nothing inconsistent in the two verdicts, nor is there an indication of confusion, mistake or compromise. The jury obviously found that appellant had an intent to kill his girlfriend, but that the two slugs received by the daughter came about because of her proximity to her mother. This conclusion is clearly consonant with the evidence presented. On an appeal from a conviction in a criminal case we take the evidence in the light most favorable to the State. State v. Cravin, supra; State v. Perez, 94 Ariz. 290, 383 P.2d 745 (1963).

The judgment is affirmed.

UDALL, C. J., LORNA E. LOCK-WOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.