[Criminal No. 281.   Filed April 2, 1910.]

[108 Pac. 258.]

FRANCISCO MARQUEZ, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. HOMICIDE—MURDER—INDICTMENT—MEANS AND MANNER OF DEATH—FAILURE TO SHOW—EFFECT.—Penal Code of 1901, section 172, defines murder as the unlawful killing of a human being with malice aforethought, etc.   Section 173 defines murder in the first and second degrees.   Section 824 provides what the indictment must contain. Section 826 provides that the indictment must be direct and certain as to the party and offense charged and the circumstances, when necessary to constitute a complete offense.   Section 833 provides in

what cases the indictment is deemed sufficient. Section 834 provides that an indictment shall not be insufficient because of formal defects or imperfections which do not prejudice a substantial right of the defendant upon its merits. *Held,* that it is unnecessary to set forth in an indictment for murder the means and manner of death.

2. JURY—EXAMINATION OF JURORS—QUALIFICATION.—Though a portion of the testimony of certain jurors when examined on their *voir dire* would have warranted the court in excusing them, if the testimony of each of such jurors taken as a whole justified the court in overruling challenges to them there was no error.

3. SAME—SAME—DEATH PENALTY—SCRUPLES AGAINST—DISQUALIFICATION.—The court properly sustained a challenge to a juror and excused another, without challenge, where their examination on *voir dire* showed that they possessed such conscientious scruples against the death penalty as to disqualify them.

4. HOMICIDE — INSTRUCTIONS — VARIANCE — EFFECT.—Where the indictment in a prosecution for murder did not allege that deceased had been shot, but during the trial it was conceded that defendant had shot deceased, the use of the word "shot" in a charge on murder in the second degree was not error.

APPEAL from a judgment of the District Court of the First Judicial District, in and for Yuma County. John H. Campbell, Judge. Affirmed.

M. Wupperman and Fred L. Ingraham, for Appellant.

John B. Wright, Attorney General, for Respondent.

DOE, J.—The appellant was convicted of the crime of murder in the first degree, and appeals from the judgment and sentence of the court imposing the death penalty.

Under the first assignment of error it is urged that the demurrer to the indictment should have been sustained for the reason that the latter fails to state the means by which the death was occasioned. At common law great particularity in setting forth the manner of the death and the means by which it was inflicted was required in an indictment for murder; but the frequency with which miscarriages of justice occurred through variances between the allegations and proof and the consequent tendency to bring the administration of justice into disrepute have led to a marked relaxation in the rigidity of the requirements of a valid indictment, both by judicial decisions and statutory enactments. The requirement that

the means and manner of death should be set forth with particularity in the indictment was based upon the theory that such information was an essential right of the defendant and necessary to the preparation of his defense. In *Commonwealth* v. *Webster,* 5 Cush. (Mass.) 295, 52 Am. Dec. 711, the court sustained an allegation that the homicide was committed "in some way and manner, and by some means, instruments, and weapons, to the jury unknown." This form of allegation is now generally regarded as sufficient, even though it appears at the trial that by proper diligence the grand jury might have learned the nature of the instrument. Wharton on Homicide, 3d ed., 852. If it be conceded that such information constitutes a substantial right of the defendant and is necessary to his defense, it is difficult to see upon what theory he may be deprived of it. If, however, information of the means and manner of death does not constitute a substantial right of the defendant, any reference to the matter in the indictment would seem unnecessary.

The provisions of our Penal Code of 1901 affecting the questions under consideration are as follows:

"Par. 172. Murder is the unlawful killing of a human being with malice aforethought. Such malice is express or implied. It is express when there is manifested or deliberate intention unlawfully to take away the life of a fellow creature. It is implied where no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart.

"Par. 173. All murder which is perpetrated by means of poison or lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate, arson, rape, robbery, burglary or mayhem, is murder of the first degree, and all other kinds of murder are of the second degree."

"Par. 824. The indictment must contain: (1) The title of the action, specifying the name of the court to which the same is presented and the names of the parties. (2) A statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended."

"Par. 826. The indictment must be direct and certain as it regards: (1) The party charged. (2) The offense charged.

(3) The particular circumstances of the offense charged when they are necessary to constitute a complete offense.''

"Par. 833.   The indictment is sufficient, if it can be understood therefrom: (1) That it is entitled in a court having authority to receive it, though the name of the court be not stated.   (2) That it was found by a grand jury of the county in which the court was held.   (3) That the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is to the jury unknown.   (4) That the offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein.   (5) That the offense was committed at some time prior to the time of finding the indictment.   (6) That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.   (7) That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case.

"Par. 834.   No indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits.''

These provisions, having been adopted from California, there was adopted with them, by necessary implication, the settled construction given them by the supreme court of California prior thereto.   That court had repeatedly and uniformly construed these provisions of the Penal Code, and held that it was unnecessary to set forth in the indictment the means and manner of death, and that the failure so to do deprived the defendants of no substantial right.   In *Molina* v. *Territory,* 12 Ariz. 14, 95 Pac. 102, the only case in which the question has heretofore been before this court, this construction was adopted, the California cases being cited in the opinion.

Of the remaining ten assignments of error, seven are based upon the overruling by the court of challenges of defendant

to that number of jurors. No showing is made as to whether the defendant exhausted his peremptory challenges; but it appears from the record that only three of such jurors were finally selected, and while the portions of the testimony of such jurors, which were presented in appellant's brief, taken alone, might give rise to a different inference, the testimony of each of such jurors as a whole fully justifies the rulings complained of. The principles applied by the court in reaching this conclusion have been discussed at length by Chief Justice Kent, speaking for the court, in *Leigh* v. *Territory,* 10 Ariz. 129, 85 Pac. 948.

Two assignments of error are based upon the sustaining of a challenge to the juror P. D. Sargent, and the excusing by the court, without challenge, of the juror George W. Sells. The examination of these jurors upon their *voir dire* clearly shows that each of them was possessed of such conscientious scruples against the infliction of the death penalty as to disqualify them.

The remaining assignment is directed to the following portion of the charge of the court: "If you believe from the evidence beyond a reasonable doubt that the said P. B. Hodges was unlawfully, feloniously, and unjustifiably shot and killed by the defendant as charged in the indictment, . . . then it is your duty to find the defendant guilty of murder of the second degree"—for the reason that the deceased is not alleged in the indictment to have been shot; but during the trial it seems to have been conceded that the defendant had shot the deceased, and we can conceive of no possible theory upon which the defendant could have been injured by the inadvertent use of the word in the portion of the charge complained of.

No error appearing from the record, the judgment of the district court is affirmed.

KENT, C. J., and DOAN and LEWIS, JJ., concur.