[Criminal No. 581. Filed May 1, 1924.]

[225 Pac. 335.]

# BILL DOUGLAS, Appellant, v. STATE OF ARIZONA, Appellee.

1. ANIMALS—RE-RECORDING ACT HELD NOT TO DEPRIVE CATTLE BRAND OF EVIDENTIARY VALUE.—Laws 1919, chapter 16, paragraph 3757A, providing for re-recording cattle brands, does not prevent brand that has been properly recorded with livestock sanitary board, under Revised Statutes of 1913, title 30, chapter 1, from being *prima facie* evidence that animal bearing it is property of brand owner, unless re-recorded.

2. CRIMINAL LAW—MOTION FOR DIRECTED VERDICT RAISES NO QUESTION OF COMPETENCY OF EVIDENCE.—Motion for directed verdict does not raise question of competency of evidence, but sufficiency thereof to sustain verdict.

3. CRIMINAL LAW—VENUE OF LARCENY OF COW HELD PROPERLY LAID.—In larceny prosecution, where evidence was sufficient to support finding of jury that cow was stolen on boundary of P. and S. counties, or within 500 yards thereof, or that it was stolen in S. county, or in P. county, and brought into S., jurisdiction of offense, under Pen. Code 1913, §§ 813, 816, was properly laid in S.

4. CRIMINAL LAW—RULE AS TO SUFFICIENCY OF CONFESSION TO SUSTAIN CONVICTION STATED.—Confession freely and voluntarily made, *corpus delicti* being established, even though by circumstantial evidence, will sustain conviction.

5. CRIMINAL LAW — CORPUS DELICTI HELD SUFFICIENTLY PROVEN TO PERMIT INTRODUCTION OF CONFESSION.—In prosecution for larceny of a cow, where general manager of owner of brand on hide found on defendant's premises stated no person was authorized to take or kill any of company's cattle, there was evidence of *corpus delicti* sufficient to permit introduction of defendant's confession.

---

1. Brands as evidence of ownership of animals, see notes in 12 **Ann. Cas.** 414; 18 **Ann. Cas.** 544; **Ann. Cas.** 1913E, 133. See, also, 1 **R. C. L.** 1082.

2. See 26 **R. C. L.** 1065 et seq.

3. See 8 **R. C. L.** 99.

4. See 1 **R. C. L.** 553, 587.

5. Proof of *corpus delicti* in larceny, see notes in 16 **Ann. Cas.** 1214; 68 **L. R. A.** 40, 48, 54, 56, 65; 28 **L. R. A.** (**N. S.**) 536; **L. R. A.** 1916B, 846. See, also, 1 **R. C. L.** 588.

6. CRIMINAL LAW—FAILURE TO DEFINE OFFENSE CHARGED HELD NOT
   GROUND FOR REVERSAL.—Where all the facts pointed to single con-
   clusion that whoever took cow alleged to have been stolen did so with
   felonious intent to deprive owner permanently of its property,
   without color of right or excuse, and with intent to convert it to
   taker's use without owner's consent, *held* that court's failure to
   define offense charged was not ground for reversal.

APPEAL from a judgment of the Superior Court
of the County of Santa Cruz. M. Marsteller, Judge.
Affirmed.

Messrs. Hardy & Hardy and Mr. John L. Van
Buskirk, for Appellant.

Mr. John W. Murphy, Attorney General, Mr. A. R.
Lynch, Mr. Earl Anderson, and Mr. E. W. McFar-
land, Assistant Attorneys General, for the State.

ROSS, J.—The defendant Douglas, who was a
cattleman engaged in raising cattle, on May 17, 1923,
occupied a ranch property consisting of a dwelling-
house, corrals and a place to slaughter cattle, situate
in Santa Cruz county, about 150 feet south of the
line that divides Santa Cruz county from Pima
county. On that day the livestock inspector, the
sheriff and two deputy sheriffs of Santa Cruz county,
armed with a search-warrant, went to defendant's
premises and searched them for stolen hides branded
with the "heart" and "rail X" brands. About forty
or fifty yards from the defendant's dwelling-house,
in Santa Cruz county, behind some brush, in a gunny-
sack, was found a fresh cow hide branded with the
"heart" brand. The "heart" brand of cattle be-
longed to the Vail Company, and the stock in that
brand ranged in both Santa Cruz and Pima counties,

---

6. See 14 R. C. L. 726.

   See 3 C. J. 42; 16 C. J. 197, 735, 737, 935 (1925 Anno.); 17
C. J. 349.

and some of them in the immediate neighborhood of defendant's premises. Fresh signs indicated that the slaughter-house had been recently used for butchering. The defendant was present during the time the officers were searching the premises and when the "heart" hide was found and he was confronted with it he said:

"My God, boys! you have got me now; I will go to the pen sure. That is a 'heart' hide. Can't you let me off? There are just the three of us knows it, and I hate it on my mother's account, and I will pay you. . . . I told that damn kid to get away with that hide, and he did not do it. . . . Oh! no use of lying about it, you have me anyway. . . . "

Three days before defendant's premises were searched, to wit, on May 14, 1923, he sold the carcass of a beef animal to the Post Exchange at Ft. Hauchuca, in Cochise county. The hocks taken from the animal so sold and the hocks left on the "heart" hide were introduced in evidence and two expert witnesses testified they were from the same animal.

At the trial the witnesses for the prosecution, without objection, testified that the "heart" brand belonged to the Vail Company and that the cattle ranging in Pima and Santa Cruz counties in that brand were the property of the Vail Company. The defendant did not testify and introduced no evidence controverting the evidence of the prosecution.

From a verdict and judgment of guilty of grand larceny the defendant prosecutes this appeal.

Defendant assigns as his first error the order of the court refusing upon his motion to direct a verdict at the close of the case, upon the grounds (1) that the state had failed to prove the "heart" brand was re-recorded as provided by subdivision 4 of paragraph 3757A, chapter 16, Session Laws of 1919, (2) failure of the state to prove ownership of cow charged

to have been stolen, and (3) failure of the state to prove venue.

As to the first two grounds of the motion for a directed verdict, it would seem if the Vail Company had not legally complied with the statute in the matter of recording and re-recording the "heart" brand with the Live Stock Sanitary Board the proper time and place to have objected to the proof of ownership would have been when the witnesses were being interrogated as to the brand on hide and its owner. The witnesses were permitted to state whose the "heart" brand was and whose the cattle in that brand, without any objection whatever. It will be noted the assignment does not assert that the "heart" brand was not properly recorded with the Live Stock Sanitary Board but that no proof was offered to show it was re-recorded as provided by paragraph 3757A, chapter 16, Laws of 1919. This is an amendment to the livestock law (title 30, c. 1, Rev. St. 1913), and does not undertake to deprive the brand that has been properly recorded with the Live Stock Sanitary Board from being *"prima facie* evidence that the animal bearing the same is the property of the owner of such brand," unless it is re-recorded as provided in such amendment. The penalties for not re-recording are set forth in chapter 16, Laws of 1919, and they are all personal to the owner of the brand. It seems the board may cancel brand not re-recorded as therein provided, and, if thereafter the owner should use it, he is subject to a fine. But there is no expression of an intention to deprive the brand that has been properly recorded of its evidentiary value as provided in paragraph 3758, Civil Code 1913.

Another and sufficient reason for overruling the motion is that a motion for a directed verdict does not raise the question of the competency of the evidence but the sufficiency thereof to sustain a verdict.

The question of venue, we think, is settled by the statute. Sections 813 and 816 of the Penal Code are as follows:

"813. Where a public offense is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction shall be in either county."

"816. When the property taken in one county by burglary, robbery, larceny, or embezzlement, has been brought into another, the jurisdiction of the offense shall be in either county. . . . ."

It would seem the circumstances that the "heart" brand of cattle ranged in and about defendant's premises, that he lived within 500 yards of the boundary line between Pima and Santa Cruz counties, that there were fresh signs of butchering at defendant's slaughtering place, that the hide was found on his premises, and his confession would all together constitute sufficient evidence to justify the verdict of the jury which necessarily included a finding that the animal was stolen on the boundary of Pima and Santa Cruz counties, or within 500 yards thereof, or that the property was stolen in Santa Cruz county, or stolen in Pima county and brought into Santa Cruz. In either case the jurisdiction of the offense was properly laid in Santa Cruz county.

There was no direct evidence as to where the animal was taken or where it was killed. The evidence of the *corpus delicti* is entirely circumstantial. Underhill's Criminal Evidence (3d ed.), p. 670, states that venue may be established by circumstantial evidence, and that "an allegation of larceny in one county is supported by evidence of a taking in another, and a transportation into the county where the venue is laid." In *People* v. *Alviso,* 55 Cal. 230, a similar question of venue was involved. The court there said:

"An objection was made that the alleged killing was not in Monterey county, nor within 500 yards of

the line between that county and San Benito county. That question was fully submitted to the jury (section 782, Pen. Code), and the verdict is conclusive, the evidence being conflicting.''

It is next said ''the trial court erred in permitting the state to prove, over the objection of the defendant, a confession without proof of the *corpus delicti*.'' As we understand it, this assignment is not directed at the order of proof, but claims that no crime was proved, and therefore the confession was not admissible. On the contrary, it seems to us that the evidence is convincing that someone took from the Vail Company, without its permission or consent, one of its animals and butchered it. There is no fact or circumstance shown by the evidence for the state that such taking was not felonious, nor did the defendant undertake to show or suggest any. It is true a conviction cannot be sustained upon the mere confession of the accused that he took the animal, but the confession, when freely and voluntarily made, the *corpus delicti* being established, even though by purely circumstantial evidence, is sufficient to sustain the conviction. 25 Cyc. 120; Underhill's Criminal Evidence (3d ed.), p. 654; Wharton's Criminal Evidence, vol. 2, pp. 1681 and 1813; *McCann* v. *State,* 20 Ariz. 489, 182 Pac. 96; *People* v. *Alviso, supra; Jackson* v. *State,* 10 Okl. Cr. 525, 139 Pac. 324; *Kinzer* v. *State,* 15 Okl. Cr. 267, 176 Pac. 92; *People* v. *Vedal,* 28 Cal. App. 366, 152 Pac. 438; *State* v. *Scott,* 86 Wash. 296, L. R. A. 1916B, 844, 150 Pac. 423.

The general manager of the Vail Company testified that no person had been given permission or authority to take or kill any of the ''heart'' cattle. However, it seems without doubt someone did take and kill one of such company's animals in that brand, and all the circumstances point, directly toward the defendant as the party who did it. We think there

was sufficient evidence of the *corpus delicti* to permit of the introduction of defendant's confession.

Finally, it is urged "the court erred in failing to define the offense charged, either in words of the statute, or in appropriate words of his own, or at all." In other words, it is said the jury were not told what constitutes grand larceny. Ordinarily, such an omission might be very injurious to a defendant's rights, as where he had admitted the taking under a claim of right, or where the state's case should leave it doubtful as to whether the taking was felonious, or where under the facts the jury might conclude the defendant was guilty of petit and not grand larceny. But where all the facts and circumstances, as in this case, point to but one conclusion, to wit, that whoever took the "heart" cow did so with the felonious intent to deprive the Vail Company, not temporarily but permanently, of its property, without color of right or excuse for the act, and with intent to convert it to the taker's own use without the consent of the owner, it is not probable a definition of the offense setting out all those elements would have benefited the defendant at all. The court told the jury that the essential allegations in the information were that defendant, on or about the 1st day of May, 1923, at the county of Santa Cruz, state of Arizona, did willfully, unlawfully, and feloniously, steal, take and carry away one cow, then and there being the personal property of the Vail Company, and the jury were also made to understand that the felonious taking of a cow from the owner thereof was grand larceny. If the defendant desired a fuller explanation of the elements entering into the offense of grand larceny, he should have presented it to the court in the form of a request. We have no doubt, had the evidence fallen short of proving every ingredient of the crime, the defendant's learned and experienced counsel would

have seen to it that an instruction covering the defect was *at least* asked of the court.

This court has heretofore refused to reverse criminal cases for nondirection to the jury. *Lenord* v. *State,* 15 Ariz. 137, 137 Pac. 412; *Sisson* v. *State,* 16 Ariz. 170, 141 Pac. 713.

We have carefully examined the assignments, and are of the opinion that no error prejudicing the rights of the defendant was committed.

The judgment is therefore affirmed.

McALISTER, C. J., and LYMAN, J., concur.