231 P.2d 454

## STATE v. LANTZ.

### No. 1011.

Supreme Court of Arizona.

May 14, 1951.

116

I. B. Tomlinson, John G. Pidgeon, of Bisbee, for appellant.

Fred O. Wilson, Atty. Gen., Phil J. Munch, Asst. Atty. Gen., Wesley E. Polley, of Bisbee, County Atty. for Cochise County, for appellee.

PHELPS, Justice.

Harold Thomas Lantz, defendant-appellant herein, was convicted of the murder of one Ada Cora Park and the death penalty was imposed. From the judgment and the order overruling his motion for a new trial defendant appeals.

A statement of the pertinent facts will be deferred until we reach a discussion of assignments presented respecting the ques-

tion of sufficiency of the evidence to establish the corpus delicti before the admission in evidence of the confessions of defendant.

There are presented to us six assignments of error which we will discuss in the order presented.

Appellant contends first that the court erred in setting the case for trial in the absence of both defendant and his counsel, and in failing to give either of them notice of the date such setting would be made.

An examination of our criminal rules of procedure, sections 44–1401 to 44–1405, A.C.A.1939, inclusive, indicates that the contention is without merit. While we think it the better practice to require both defendant and his counsel to be present when an order setting a criminal case for trial is made, it is not necessary that either be in court at the time, and so long as the case is set sufficiently far enough away to enable counsel to properly prepare for trial, no substantial rights of the defendant are violated.

Defendant next complains in his assignment of error No. 2 that on October 3rd, the date on which the case came up for trial, the court erred in refusing to grant defendant a continuance. The assignment does not meet the requirements of Rule 10(1) of this court in that no ground is specified therefor. We gather from the argument of counsel for defendant, however, that by reason of the absence of both defendant and his counsel on September 22nd when the court made its order setting the case for trial, and by reason of the fact that no record of the setting was made upon the criminal dockets of the court, no legal duty devolved upon him to take cognizance of the action of the court in setting the case for trial. He claims this to be the law notwithstanding the fact that he received actual notice thereof by wire on the date the order was made. We do not agree with this view.

Section 44–1033, A.C.A.1939, makes it mandatory that counsel for a defendant charged with crime shall be given at least two days after a plea of not guilty to prepare for such trial. Sections 44–1601 to 44–1611, A.C.A.1939, inclusive, set forth the grounds upon which a continuance may be granted by the court. On such application being made by either party or on the court's own motion, it may in its discretion, for good cause grant a continuance. It is only when the court abuses its discretion resulting in prejudicial error to the defendant that its action will be set aside.

An examination of the record in this case discloses that defendant was arraigned before the superior court on August 28, 1950, and entered a plea of not guilty. He was then represented by the Honorable I. B. Tomlinson who had been appointed by the court to represent him the previous August 23rd. No setting of the case was then ordered by the court and none was made until September 22nd as above stated. We are of the view that

counsel had adequate time in which to prepare for the defense of his client and that there was no infringement upon the constitutional rights of defendant in requiring him to proceed to trial on October 3rd. No lawful ground was shown for a continuance and the trial court therefore did not abuse its discretion in ordering the trial to proceed.

In assignment No. 3 defendant complains that the court erred in admitting the testimony of Percy Bowden, Chief of Police of the city of Douglas, concerning a conversation he had with defendant on the morning of the alleged murder. It is asserted that this testimony was not admissible until the corpus delicti had been proved. This is based upon the theory that Bowden's testimony was offered as a confession of guilt by the defendant. The weakness of counsels' argument in this particular lies in the fact that they have misconceived the character of the testimony of the witness Bowden. His testimony of what defendant stated to him was not in any sense a confession. It did not even amount to an admission of an independent fact from which guilt could be inferred. On the other hand, if fairly construed, it was a denial of guilt. It was to the effect that another person had killed deceased and that defendant had undertaken to defend her but was himself knocked down by assailant of deceased and despite defendant's efforts the murderer had jumped from the train and escaped. In State v. Romo, 66 Ariz. 174, 185 P.2d 757, this court brought out in full relief the characteristics of a confession and distinguished it from an admission.

The testimony was clearly admissible as a circumstance in proving the corpus delicti. The fact that Ada Cora Park was dead and that she had come to her death by violent means had definitely been established by competent testimony. The only other element required to establish the corpus delicti was the criminal agency of defendant in bringing about her death. The witness Bowden testified not only to defendant's statement that he had seen another man in her berth on top of deceased choking her, but he testified to observing blood on defendant's clothes and in his ear as well as to a number of scratches on his nose, face and chest. Pictures were produced by him confirming these facts.

Certainly these were all circumstances tending to connect defendant with the death of deceased and were necessary to lay the foundation for the admission in evidence of defendant's written confession later given to the county attorney. Other circumstances testified to by the pullman conductor to the effect that he had ordered defendant out of this particular car soon after leaving Tucson; the testimony of the passenger conductor concerning defendant's conduct; the finding of defendant's hat and suitcase in the berth immediately back of the one occupied by deceased; defendant's earlier statement that the hat be-

longed to the man who committed the murder and had escaped and later his admission to the witness Bowden that it was his own hat; and other circumstances, fully established the corpus delicti before any confession of the defendant was admitted in evidence. All of the authorities are to the effect that the corpus delicti may be shown by circumstantial evidence. We so held in the case of Burrows v. State, 38 Ariz. 99, 297 P. 1029; Douglas v. State, 26 Ariz. 327, 225 P. 335. In fact we know of no case to the contrary. It was not error therefore for the court to admit the testimony of the witness Bowden for the reason that his statements were not a confession and that his testimony was entirely proper to aid in establishing the corpus delicti. This being true, assignment of error No. 5 to the effect that the court erred in the admission of the alleged confessions of the defendant on the ground that the corpus delicti had never been established must fall in the same category as assignment No. 3 and consequently held to be without merit.

The 4th assignment of error is directed at the court's refusal to instruct the jury only on second degree murder upon the ground that the information failed to charge first degree murder. We do not consider the information a model pleading and especially the portion thereof attempting to plead by reference the sections of the statute upon which the state relied but we believe it sufficiently conforms with our liberal rules of criminal procedure to charge the crime of first degree murder even without its reference to the statutes. It charges in plain and concise language that: " * * * Harold Thomas Lantz murdered Ada Cora Park, a human being, said act then and there being committed by the said Harold Thomas Lantz in the attempt to perpetrate the crime of rape, all of which is contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the State of Arizona. "Sec. 43–2901, ACA, 1939. "Sec. 43–2902, ACA, 1939."

Section 43–2902 reads as follows: *"Degrees of murder.*—All murder which is perpetrated by means of poison or lying in wait, torture, or by any other kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate, arson, rape, robbery, burglary or mayhem, is murder of the first degree, and all other kinds of murder are of the second degree." Sections 44–711 and 44–753, A.C.A.1939, relate to the sufficiency of the contents and form of an information and provide as follows:

"44–711. *Charging the offense.*—(1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

120

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The indictment or information may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference."

\*     \*     \*     \*     \*     \*

"44–753. *Forms for specific offenses.*— The following forms may be used in the cases in which they are applicable:

\*     \*     \*     \*     \*     \*

"*Murder.*—A. B. murdered C. D." Under these provisions of the statute it was not necessary to allege that the killing was done with malice aforethought.

■ Even before adopting our liberal rules of criminal procedure in 1940, we said in the case of Macias v. State, 39 Ariz. 303, 6 P.2d 423, 424, that since the case of Marquez v. Territory, 13 Ariz. 135, 108 P. 258 (decided in 1910), it had not been necessary to set forth in an indictment or information for murder the means and manner of death. We proceeded to observe: "\* \* \* The means used and the manner in which the killing is effected in many cases supplies the intent necessary to make out murder in the first degree, as where the killing is accomplished by lying in wait, or by poisoning, or in the perpetration of arson, burglary, robbery, rape, or mayhem. \* \* \*" We believe we clearly indicated in that case that an allegation that the killing was accomplished in the perpetration of, or attempt to perpetrate rape, etc., made it unnecessary to allege either malice aforethought or premeditation or deliberation. This being true, the court correctly refused defendant's requested instruction. It follows that there was no error in denying defendant's motion for a new trial.

Judgment affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concurring.