**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John STOECKER, Jr., Ike Ramsey, and Alice Taylor Stoecker, Defendants-Appellants.**

**No. 11153.**

United States Court of Appeals Seventh Circuit.

Oct. 12, 1954.

Irwin S. Rubelle, Eugene M. Pratt, Rubelle & Pratt, Peoria, Ill., for appellants.

John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., Marks Alexander, Asst. U. S. Atty., and Robert B. Oxtoby, Asst. U. S. Atty., Springfield, Ill., for appellee.

Before FINNEGAN, LINDLEY, and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

These convictions of defendants John Stoecker, Jr., Ike Ramsey and Alice Taylor Stoecker, by a jury, for violation of 18 U.S.C. § 2421 and 18 U.S.C. § 371, must be affirmed. Narrating facts and evidence, disclosed by the record before us, would serve no useful purpose. Predicated upon a canvass of this entire record, it is our opinion that the evidence adduced at the trial supports the jury's verdict on the two-count indictment. United States v. Aman, 7 Cir., 1954, 210 F.2d 344; United States v. Poppa, 7 Cir., 1951, 190 F.2d 112.

We take a dim view of defendants' attempt to annul their convictions, in this appeal, by launching an attack against court appointed defense counsel. Their suggestion that he was inadequately equipped, because of a dearth of professional experience, to defend these prisoners is merely an unsupported criticism. Nor do we find any evidence that the district judge abused his discretion by appointing this particular lawyer pursuant to Rule 44, Federal Rules of Criminal Procedure, 18 U.S.C.A.

Advocacy is a skill and art; easy to criticize, difficult to fairly appraise. Indeed, a post-mortem of criminal trials, selected at random, would undoubtedly reveal flaws of varying magnitude in the trial techniques of respected members of the bar. Our profession is one in which hindsight is a meager measure of counsel's competency. Trial strategy is seldom viewed with a uniform eye.

To permit speculative statements about counsel's age and scope of his professional experience to be smuggled into this appeal disguised as a constitutional question runs counter to well-settled principles governing reviewing tribunals. Not only is this record barren of such evidence, it is utterly devoid of those extreme manifestations of counsel's incompetency which, no doubt, precipitated reversal in People v. Nitti, 1924, 312 Ill. 73, 143 N.E. 448, 452, 453, and to which we are cited by defendants.

That case is inapposite here. Counsel's examination of witnesses below bears no resemblance whatever to the ineptness on which the Nitti defense foundered.

■ We have reached our decision with an acute and sustained awareness of the various constitutional safeguards and procedural devices to which these three defendants are entitled. It is our opinion, from the record before us, that defense counsel's performance provided these defendants representation within the meaning and purport of U.S.Const. Amend. VI. There being no merit to any of the points asserted on behalf of the defendants, the judgment entered below is affirmed.

Affirmed.