Grant F. CASEY, Relator,

v.

J. Ellis OVERLADE, Warden, Indiana State Prison, Respondent.

Civ. A. No. 1702.

United States District Court,
N. D. Indiana, South Bend Division.

March 24, 1955.

Grant F. Casey, pro se.

Edwin K. Steers, Atty. Gen., Robert S. Baker, Frank E. Spencer, Deputies Atty. Gen., for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding wherein this Court entered an order for the respondent to show cause why the writ should not issue and the respondent having failed to take any action within the time fixed, the Court ordered the writ to issue returnable on March 23, 1955. Prior to hearing on the date returnable, the respondent filed a motion to dismiss.

On March 23, 1955, the respondent produced the petitioner, who informed the Court that he did not desire the services of the Public Defender of Indiana and wished to represent himself. The motion of the respondent to dismiss was submitted and before the Court ruled, the respondent moved the Court to reserve its ruling thereon, to file a written return to the writ and submit the cause on the merits. With the consent of the petitioner, the motion of the respondent was granted; the Court reserved its ruling on the motion to dismiss; the respondent filed his written return to the writ and by agreement of the parties the cause was submitted to the Court on the merits.

It being the expressed desire of the parties that the Court decide this cause on the merits, the motion of the respondent to dismiss will, therefore, be denied, notwithstanding the fact that the undisputed evidence conclusively shows that the petitioner has failed to exhaust the remedies available to him in the courts of the State of Indiana, and the Court will decide the cause on the merits, with this opinion being filed to serve as the findings of fact and conclusions of law of the Court.

The sole contention of the petitioner is that in the jury trial which resulted in a verdict of guilty he was represented by incompetent counsel because his attorney recommended that the petitioner not take the witness stand before the jury in his

defense and refused to have a subpoena issued for a witness whose name was endorsed on the affidavit as a witness for the prosecution. It is upon this premise, and this premise alone, which the petitioner bases his claim for relief.

In the opinion of this Court, the evidence conclusively shows that the petitioner was represented by a member of the Indiana bar in good standing of petitioner's own choosing and employment; that the petitioner pleaded not guilty and was tried by a jury; that he had a previous criminal record at the time of the trial; that he testified before the court in the absence of the jury on an objection by his counsel to the admission of certain evidence offered by the state; that he did not testify as a witness before the jury; that he had a fair trial and was represented by counsel of his own choice and employment, and was convicted of the crime with which he was charged; that sentence was pronounced by the court on the verdict of the jury; commitment issued thereon, and he is now in custody of the respondent thereunder.

The true foundation of the petitioner's theory when stripped of all its decorative adornments is that because the jury found the petitioner guilty of first degree burglary, with which he was charged, instead of grand or petit larceny, his attorney was incompetent. If the only criterion to be used to test the competency of a trial lawyer is that he succeeds in every litigated case he tries, we know of none, including the judge of this court, who would qualify as competent. As Judge Finnegan so aptly states in the case of United States v. Stoecker, 7 Cir., 1954, 216 F.2d 51, 52:

"Advocacy is a skill and art; easy to criticize, difficult to fairly appraise. Indeed a post-mortem of criminal trials, selected at random, would undoubtedly reveal flaws of varying magnitude in the trial techniques of respected members of the bar. Our profession is one in which hindsight is a meager measure of counsel's competency. Trial strategy is seldom viewed with a uniform eye.

Conscious of the possibility of being labeled prosaic, we now hold that where a defendant in a criminal case is represented by reputable counsel of his own choice and is convicted after a fair and impartial trial, commission by his counsel of what may retrospectively appear to the convicted defendant to be errors of trial strategy in the conduct of his defense does not constitute denial of due process chargeable to the state.

This Court, therefore, concludes, from the evidence in the record, that there is no merit whatsoever in the contention of the petitioner; that the respondent should be discharged from the writ of habeas corpus; that the prayer of the petition should be denied, and

It is so ordered.