### BRYANT *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 117, September Term, 1963.]

*Decided July 28, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

Applicant was convicted of robbery with a deadly weapon in the Criminal Court of Baltimore and sentenced to 15 years' confinement. He was represented by privately employed counsel. His conviction was affirmed on direct appeal. *Bryant v. State,* 232 Md. 20.

Applicant filed his petition for relief under the U.P.C.P.A., and counsel was appointed for him. He sought to raise three points: (1) his arrest was illegal; (2) the trial judge was prejudiced against him; (3) his rights "were prejudiced" when he was tried without witnesses being present at the trial. The third of these contentions was finally determined to be without merit in his direct appeal; therefore it is not available in his behalf in this post conviction proceeding. Code (1957), Article 27, § 645A.

The first contention is without merit; if we assume, without deciding his arrest was illegal, there is no allegation that any "fruits" of the arrest were used against him at his trial, hence the legality, *vel non,* of his arrest is immaterial.

The second contention is also without merit. The showing of the simple fact that a trial judge tries a codefendant of an accused before trying the accused does not establish prejudice

against the accused. The above was petitioner's only claim relative to prejudice. Moreover, we have held that allegations of prejudice on the part of the trial court, if preserved below, are available for consideration on direct appeal, but are not so available in post conviction proceedings. *Price v. Warden,* 220 Md. 643.

Applicant's court-appointed counsel filed an amended petition in the court below alleging that his privately selected attorney was incompetent in that he failed "to insist upon a continuance" in order to obtain a witness; to argue the proposition that applicant had been illegally arrested; and to object to "the identification of the petitioner by the victim of the robbery," because he had previously been identified by a witness who knew him in the presence of the victim.

(1) We discussed in some detail in petitioner's direct appeal the question relative to the alleged absent witness, and what was necessary that the trial court be shown to entitle an accused to a continuance on this ground. There are no allegations that original counsel was in a position to meet these requirements. His counsel was of his own choosing; appellant made no complaint to the trial court concerning counsel's handling of his case at his trial, and made no objection to the same in his original petition. The present contention seems to be the thought of his present counsel. We have held on several occasions mere errors in trial tactics (and we do not find any such errors) do not amount to inadequate representation. It is only when the representation is so deficient as to make a farce out of the trial that an accused is entitled to a new trial on the ground of inadequate representation. See the many cases collected in 74 A.L.R. 2d 1403. We find nothing in the allegations of incompetence of counsel (assuming them to be true) that would bring his trial within the scope of being a "farce."

(2) We have shown above that it would have been fruitless for appellant's counsel to have "argued the proposition that petitioner was illegally arrested," in the absence of a showing that "fruits" of the unlawful arrest were used against him.

(3) It would have been useless for his attorney to have objected "to the identification of the petitioner." Simply because the accused was identified by another person (presumably at

the trial), would not have rendered his identification by the victim inadmissible.

*Application denied.*