511 P.2d 697

**STATE of Arizona, Appellee,**

v.

**Terry Hugh VAN ARSDALE and Cindy Lee Skaro, Appellants.**

**No. I CA–CR 522.**

Court of Appeals of Arizona, Division 1, Department A.

July 10, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Jay H. Bundy, Kingman, for appellants.

DONOFRIO, Presiding Judge.

Following a jury trial and a sentence of not less than three nor more than five years imposed on each of them, defendants Terry Hugh Van Arsdale and Cindy Lee Skaro appeal their individual judgments of conviction of the crime of unlawfully and maliciously depositing explosives with intent to injure persons or property under A.R.S. § 13–922, as amended.

The defendants were arrested on June 23, 1972 and charged by grand jury indictment with having maliciously deposited an explosive device, namely, a stick of dynamite with a primer cord, against the front door of the Kingman Police Department, in violation of the aforesaid statute.

Section 13–922 provides in relevant parts:

"A. A person who unlawfully and maliciously *deposits* or *attempts* to explode any explosive device on, *in or near any building,* means of transportation or place where persons inhabit, a frequent, assemble or pass is guilty of a felony punishable by imprisonment for not less than two and not more than five years. (Emphasis added)

&ast; &ast; &ast; &ast; &ast; &ast;

"D. 'Explosive device' as used in this section means any incendiary or explosive device which, upon explosion, is likely to cause serious physical damage to either person or property. The term 'explosive device' does not include firecrackers, smoke bombs or other explosives which upon explosion are not likely to cause serious injury to a person or property.

Neither of the defendants denied depositing the device in front of the Kingman Police Station. They pleaded not guilty to the charge, however, and premised their defense on the argument that the device so deposited was not an "explosive device" as defined in the above section because it lacked a triggering mechanism. Defendants argued that unless the device was capable of exploding in the condition in which it was deposited, they could not be convicted of the charge.

On appeal, defendants question the sufficiency of the evidence to support a finding that the package they deposited was an "explosive device" and thus contend that a requisite element of the crime under which they were charged was missing. Based upon the above, they also argue that fundamental error was committed by defense counsel's failure to move for a directed verdict at the close of the State's case, and further allege error by the trial court in its failure to grant a directed verdict in their favor on its own motion. *See* Rule 270, Rules of Criminal Procedure, 17 A.R.S. After reviewing the record, we are unable to agree with defendants' contentions.

■ ■ A.R.S. § 13–922 does not necessarily require the actual detonation of a device in order for defendants to come within its purview. The statute provides that the mere *depositing* of an explosive device is sufficient to constitute a crime. Defendants base their argument on the absence of a triggering mechanism. We believe a logical interpretation of the statute is that it does not require the State to prove that the device, in the exact physical condition as planted by defendants, was ca-

pable of detonation in the manner attempted and that their attempt would have been successful. We agree with the appellee that simply because defendants' act was unsophisticated and they failed to succeed, they should not be automatically immune from prosecution. In our opinion, the use of the word "attempt" in the statute was designed to proscribe the activities as presented in this case.

 Furthermore, the essentially uncontroverted expert testimony adduced at trial more than adequately supports a finding that the device was an explosive capable of causing serious physical damage. Sergeant B. F. Thorne of the Kingman Police Department, after qualifying as experienced in the area of explosives, testified that he was notified of the presence of a package at the front entrance to the police station and that he readily recognized that the package contained a stick of dynamite with a piece of primer cord showing on one end. He testified that he observed that the dynamite stick was dated "1957", and that such a stick is capable of going off by itself because it becomes progressively more unstable with age. He further testified that the primer cord found with the dynamite is an explosive in itself. Although no blasting cap was found at the scene, Sergeant Thorne stated that such is not an absolute necessity in detonating dynamite, especially where old unstable dynamite is involved.

Mr. Bentley Marshall, a qualified expert on explosives, inspected the package and advised the Kingman Police Department as to what they should do with it. He subsequently testified, *inter alia,* that age makes dynamite highly sensitive and unstable, and that almost anything could set it off, *e. g.,* friction, shocks, or extreme changes in temperature. He testified that the stick in question, because of its age, had reached a very sensitive state and was particularly dangerous. He reinforced Sergeant Thorne's testimony that the primer cord was by itself a high explosive. He unequivocally stated that the primer cord

". . . in conjunction with the dynamite that, to me, in my opinion, constitutes an explosive device."

Thus, the evidence clearly supports the appellee's position that the device planted at the entrance to the police station was an ultrahazardous and hypersensitive explosive capable of causing injury to persons and damage to property.

In reviewing the record, we find that the elements of A.R.S. § 13–922 have been established and that there was reasonable and competent evidence to support the jury verdict.

We further find that there was no fundamental error in defense counsel's failure to move for a directed verdict of acquittal, and in the trial court's failure to grant a directed verdict, *sua sponte,* since the record establishes that there was sufficient evidence to have the case go to the jury. State v. Stevens, 107 Ariz. 565, 490 P.2d 571 (1971); State v. Rackley, 106 Ariz. 424, 477 P.2d 255 (1970).

Judgment affirmed.

OGG and STEVENS, JJ., concur.