Filed 7/22/13  P. v. Robertson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ENOCH MARK ROBERTSON,<br><br>Defendant and Appellant. | C067172<br><br>(Super. Ct. Nos. 08F7133,<br>08F7952) |

Convicted of drug offenses and driving on a suspended license (case No. 08F7133), as well as failure to appear (case No. 08F7952), defendant Enoch Mark Robertson appeals.  He contends:  (1) trial counsel was constitutionally deficient for not moving to suppress his statements, (2) the prosecutor improperly commented on his and his wife's silence about the ownership of the drugs, (3) a witness improperly commented on his and his wife's criminal history, (4) the prosecutor improperly elicited evidence concerning his appearance and his wife's appearance, (5) he was prejudiced by improper admission of evidence and his counsel's failure to object, and (6) the abstract of judgment reflects the wrong statute as authority for a fine.  We agree that the abstract of judgment

1

must be corrected but find no prejudicial error. Therefore, we affirm the judgment and remand for correction of the abstract of judgment.

## FACTS AND PROCEDURE

Officer Michael Skeen of the Redding Police Department made a traffic stop of a vehicle the defendant was driving. The registration on the vehicle was expired. The officer asked the defendant for his identification, but the defendant said he did not have identification. The defendant then gave Officer Skeen a false name. After Officer Skeen checked the name and told the defendant that he did not fit the description of that person, the defendant admitted who he was and said that the vehicle belonged to his wife.

Officer Skeen asked the defendant if any drugs found in the vehicle would belong to him, and the defendant answered that they would be his. Officer Skeen then conducted a lawful search of the car and found under the backseat a plastic bag with methamphetamine in it. The officer asked the defendant what was in the bag and to whom it belonged, and the defendant identified it as methamphetamine and said it belonged to him.

The parties stipulated that the search of the vehicle the defendant was driving was legal. The jury was informed of that fact. The jury was not informed that it was a parole search.

In Shasta County case No. 08F7133, the defendant entered a no contest plea to giving false identification. (Pen. Code, § 148.9, subd. (a).) After a jury trial on the remaining counts, he was convicted of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), and driving on a suspended license (Veh. Code, § 14601.1, subd. (a)). Finally, the court found that the defendant had two prior prison terms (Pen. Code, § 667.5, subd. (b)) and two prior convictions for driving on a suspended license (Veh. Code, § 14601.1, subd. (a)).

2

In a related case (case No. 08F7133), the defendant entered a no contest plea to failing to appear on a felony charge (Pen. Code, § 1320, subd. (b)) and admitted the allegation that he committed the crime while released on bail or his own recognizance (Pen. Code, § 12022.1).

The trial court sentenced the defendant on both cases for an aggregate state prison term of eight years eight months. It imposed (1) a term of four years for transporting a controlled substance, with two consecutive one-year terms for the prior prison terms, and (2) a consecutive eight months for failing to appear, with a consecutive two-year term for the on-bail enhancement. The court also imposed and stayed a three-year term for possession of a controlled substance and imposed a jail sentence of time-served for driving on a suspended license.

## DISCUSSION

### I

*Effectiveness of Counsel --* Miranda *Warning*

The defendant claims on appeal that his incriminating statements to Officer Skeen should have been suppressed because Officer Skeen did not give him a *Miranda* warning.[1] However, he forfeited this claim by failing to move to suppress the statements in the trial court. (*People v. Kelly* (1992) 1 Cal.4th 495, 519.) Nevertheless, the defendant contends that his trial counsel was constitutionally deficient for not moving to suppress the statements. The contention is without merit because trial counsel's performance did not fall below an objective standard of reasonableness.

---

[1] *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694] (*Miranda*).

3

A.    *Legal Background*

1.    Assistance of Counsel

"Under both the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution, a criminal defendant has a right to the assistance of counsel.  [Citations.]  This right 'entitles the defendant not to some bare assistance but rather to effective assistance.'  [Citation.]"  (*People v. Mitchell* (2008) 164 Cal.App.4th 442, 466, italics omitted.)  To demonstrate ineffective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by counsel's performance.  (*Id.* at pp. 466-467.)  In the context of failure to make a suppression motion, the defendant must demonstrate prejudice by showing that such a motion would have been successful.  (See *People v. Gonzalez* (1998) 64 Cal.App.4th 432, 437-438.)

Counsel is not required to make futile motions to appear competent.  Reversal of a conviction on the basis of inadequate counsel is required only if the record reveals no rational tactical purpose for his or her act or omission.  (*People v. Terrell* (1999) 69 Cal.App.4th 1246, 1252-1253.)  Here, the record discloses a rational reason why the motion was not made:  the defendant was not in custody when he made the statements and, therefore, a suppression motion would have been futile.  Counsel's performance did not fall below an objective standard of reasonableness.

2.    *Miranda* Requirements

"As a prophylactic safeguard to protect a suspect's Fifth Amendment privilege against self-incrimination, the United States Supreme Court, in *Miranda*, required law enforcement agencies to advise a suspect, before any custodial law enforcement questioning, that 'he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if

4

he so desires.' " (*People v. Martinez* (2010) 47 Cal.4th 911, 947, quoting *Miranda, supra,* 384 U.S. at p. 479.)

"An interrogation is custodial, for purposes of requiring advisements under *Miranda*, when 'a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' (*Miranda, supra,* 384 U.S. at p. 444.) Custody consists of a formal arrest or a restraint on freedom of movement of the degree associated with a formal arrest. [Citations.] When there has been no formal arrest, the question is how a reasonable person in the defendant's position would have understood his situation. [Citation.] All the circumstances of the interrogation are relevant to this inquiry, including the location, length and form of the interrogation, the degree to which the investigation was focused on the defendant, and whether any indicia of arrest were present. [Citation.]" (*People v. Moore* (2011) 51 Cal.4th 386, 394-395.)

B.      *Proceedings and Analysis*

On cross-examination, defense counsel questioned Officer Skeen concerning the traffic stop and the officer's questioning of the defendant. At some point in the traffic stop, Officer Skeen put the defendant, without handcuffs, in the back of the patrol car. It appears this happened when Officer Skeen asked the defendant whether there was anything illegal in the vehicle. Sometime after the defendant identified the methamphetamine and admitted it was his, Officer Skeen arrested and handcuffed the defendant and again put him in the back of the patrol car.

The record does not reflect when the defendant exited the patrol car between the two times he was put in. Again during cross-examination, defense counsel asked Officer Skeen, "But [the defendant] was in the back of your car for the entirety from -- every moment that he made a statement to you; isn't that correct?" Officer Skeen responded, "I could explain that better to you on the side bar." At that point an unreported sidebar discussion was held and, when cross-examination resumed, defense counsel moved on to other topics.

5

Officer Skeen could not remember whether he gave the defendant a *Miranda* warning before asking him questions.

The defendant asserts that he was in custody for the purpose of *Miranda* analysis because he was in the back of Officer Skeen's patrol car when he was questioned, even though he was not handcuffed. The record, however, does not necessarily support this assertion. Officer Skeen's testimony at trial established that he put the defendant in the back of the patrol car twice, once without handcuffs and later with. But the record does not reflect how long the defendant was in the patrol car the first time and whether Officer Skeen obtained the defendant's incriminating statements while the defendant was in the patrol car. Therefore, we cannot presume the defendant was being held in the back of the patrol car when he made the incriminating statements.

Yet the defendant bases his *Miranda* argument on the presumed fact that he was being held in the back of the patrol car when he made the statements. Since the factual basis of the argument is not established, the argument fails.

The defendant also complains that "he was stymied" from raising a *Miranda* issue by the trial court's unreported sidebar rulings. Since the sidebar conferences were not reported, we have no way of knowing what rulings the trial court made and again cannot presume they prevented the defendant from making a proper *Miranda* objection.

Because there is no factual basis in the record for the defendant's *Miranda* argument, there is no evidence in the record that a motion to suppress his statements would have been granted. Accordingly, the defendant's claim of ineffective assistance of counsel is without merit.

II

*Alleged* Griffin *Error*

The prosecutor asked Officer Skeen: "[I]n the two and a half years since [the defendant's arrest], has he ever called you and said, uhmmm, I want to tell you whose methamphetamine that really is?" Officer Skeen said, "No." Immediately, defense

6

counsel asked to approach the bench. After an unreported sidebar discussion, the court told the jury: "With respect to the last, uhmmm, question and answer, I'm going to ask that you disregard the answer. Okay. So just assume you never heard it." The prosecutor then asked Officer Skeen whether the defendant's wife had ever called him to report that the methamphetamine belonged to her. Officer Skeen responded that she had not.

The defendant contends that the prosecutor committed prejudicial misconduct under *Griffin v. California* (1965) 380 U.S. 609 [14 L.Ed.2d 106] (*Griffin*) when he asked whether the defendant had later disclaimed the methamphetamine. He also contends that the prosecutor committed prejudicial misconduct by raising the issue of whether the defendant's wife ever claimed ownership of the methamphetamine because the question "impinged on [the defendant's] spousal privilege." Neither contention has merit. Although the prosecutor's question about the defendant's failure to disclaim the methamphetamine should not have been asked, it was not prejudicial because the trial court instructed the jury to disregard it. The question about the wife's failure to claim ownership of the methamphetamine did not violate the defendant's spousal privilege because that privilege was not invoked.

*Griffin* error occurs "whenever the prosecutor . . . comments, either directly or indirectly, upon defendant's failure to testify in his defense." (*People v. Medina* (1995) 11 Cal.4th 694, 755.) Here, the prosecutor should not have asked the question about whether the defendant had later denied ownership because the failure to deny ownership could be viewed by the jury as a failure, indirectly, to testify in his own defense. However, the error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705].) The prosecutor's question was brief and unrepeated and the answer was stricken. Also, the evidence of the defendant's guilt was overwhelming. (*People v. Brasure* (2008) 42 Cal.4th 1037, 1060 [court's immediate and unequivocal direction to jury not to consider comment, along with overwhelming

7

evidence, rendered *Griffin* error harmless]; see also *People v. Guzman* (2000) 80 Cal.App.4th 1282, 1288-1290 [*Griffin* error required reversal because prosecutor's comments on the defendant's failure to testify were "relentless" and evidence was not overwhelming].)

On the other hand, the prosecutor's question concerning whether the defendant's wife had come forward to claim ownership of the methamphetamine was proper. A defendant has a privilege to prevent his spouse from testifying concerning a confidential communication between them. (Evid. Code, § 980.) Also, a married person has a privilege not to testify against her spouse. (Evid. Code, §§ 970, 971.) Neither privilege was implicated by the prosecutor's question to Officer Skeen. There was no evidence of a confidential communication between the defendant and his wife, and there was no evidence that the defendant's wife had invoked a privilege not to testify. Unlike *Griffin* error, where even indirect comments on the defendant's failure to testify are prohibited, there is no such prohibition on comments concerning a spouse's failure to testify. (*People v. Coleman* (1969) 71 Cal.2d 1159, 1167, overruled on another ground in *Garcia v. Superior Court* (1997) 14 Cal.4th 953, 966, fn. 6.)

The defendant disagrees, citing *People v. Ford* (1988) 45 Cal.3d 431 at pages 444 to 445 (*Ford*). That case, however, is of no help at all to the defendant. It holds that the prosecution may comment on the defense's failure to call a logically-anticipated witness. (*Id*. at p. 449.) The language quoted from *Ford* by the defendant is from an older case (*People v. Terramorse* (1916) 30 Cal.App. 267, 273), which relied on a superseded formulation of the marital privilege. *Ford* expressly did not follow that older case. (*Ford, supra,* at pp. 444-445.) Therefore, *Coleman* remains the pertinent law, and the defendant's contention is without merit.

Finally, the defendant cites Evidence Code section 913, subdivision (a), which states that the prosecution may not comment on the exercise of a privilege.[2]  That statute, however, "has no application unless the privilege has actually been exercised."  (*Ford, supra,* 45 Cal.3d at p. 444.)  Since the marital privilege was not invoked, Evidence Code section 913 does not apply here.

III

*Prior Bad Acts*

In response to defense counsel's questioning, Officer Skeen disclosed that the defendant had prior convictions and was on parole and that the defendant's wife had no prior drug convictions.  The trial court later instructed the jury not to consider evidence of prior criminal history but denied the defendant's motion for a new trial.  On appeal, the defendant contends the evidence of his own criminal history and his wife's lack of criminal history was improper.  This contention is without merit because (1) defense counsel elicited the evidence and (2) the trial court instructed the jury not to consider it.

The defense called Officer Skeen as its own witness.  Defense counsel questioned Officer Skeen about why he did not do a field sobriety test and further investigate the defendant for driving under the influence.  Officer Skeen answered:

"I'm obviously not going to let a DUI driver continue driving, but if I'm arresting somebody on three felonies, impounding their vehicle, and they already have priors for DUI on their -- that's the reason why their license is suspended, I figure if I take them to

---

[2]     Evidence Code section 913, subdivision (a) states:  "If in the instant proceeding or on a prior occasion a privilege is or was exercised not to testify with respect to any matter, or to refuse to disclose or to prevent another from disclosing any matter, neither the presiding officer nor counsel may comment thereon, no presumption shall arise because of the exercise of the privilege, and the trier of fact may not draw any inference therefrom as to the credibility of the witness or as to any matter at issue in the proceeding."

9

jail where they're going to sit on their parole violation and impound their vehicle, that kind of solves the DUI problem for the night."

After this answer, defense counsel asked for a sidebar conference. After the sidebar conference, defense counsel continued the questioning without making an objection or requesting a jury instruction.

Defense counsel also questioned Officer Skeen about the defendant's wife, asking whether he believed she was a methamphetamine user. Officer Skeen said she did not look like a methamphetamine user. Defense counsel then asked: "And you came to that opinion without doing any -- any further investigation other than just looking at her appearance?" Officer Skeen responded: "I had overheard that she has no prior drug convictions on her rap sheet as well."

Defense counsel immediately asked the court to strike the answer. The court agreed and told the jury to "disregard that last answer."

Later, outside the presence of the jury, the defense made a motion for mistrial for what it characterized as Officer Skeen's "gratuitous," "nonresponsive" statements about the criminal history of the defendant and his wife. The court noted that, as to Officer Skeen's comment about the defendant's criminal history, defense counsel had made a motion for mistrial at the sidebar conference but did not request a curative instruction. The court denied the motion and stated that it would instruct the jury not to consider the criminal history of the defendant and his wife. The court gave the instruction as promised.

The testimony concerning the criminal history of the defendant and his wife came in response to defense questioning about Officer Skeen's motives and perceptions. Therefore, any error was invited. " 'The doctrine of invited error is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his behest.' " (*People v. Coffman & Marlow* (2004) 34 Cal.4th 1, 49.)

10

Even if we were to consider Officer Skeen's testimony to be an error attributable to the prosecutor or the court, which it was not, any possibility of prejudice from it was extinguished by the jury instruction informing the jury that it was not to consider any evidence of criminal history. We presume the jury followed this instruction. (*People v. Williams* (2010) 49 Cal.4th 405, 469.)

IV

*Character and Demeanor Evidence*

Officer Skeen testified that the defendant looked like a methamphetamine user and the defendant's wife did not look like a methamphetamine user. The defense objected to this testimony as lacking foundation, which objections the trial court overruled. On appeal, the defendant contends that (1) Officer Skeen was not qualified as an expert in identifying methamphetamine users, (2) the testimony should have been excluded under Evidence Code section 1101, and (3) the testimony was an improper comment on the defendant's courtroom demeanor. These objections were forfeited because the defendant did not make them in the trial court. In any event, his claims of prejudicial error are without merit.

Officer Skeen testified for the prosecution that he was certified as a drug recognition expert and had made about 100 arrests in cases involving narcotics, about half of them involving methamphetamine. On cross-examination by defense counsel, Officer Skeen stated that he was trained to recognize the physical appearance of someone under the influence of a controlled substance. On redirect examination, the prosecutor questioned Officer Skeen concerning the physical appearance of a long-term methamphetamine user. The officer testified that such a user is gaunt, has a bad complexion, and has tooth decay. When asked whether the defendant had any of these characteristics, the officer said he did. At that point, defense counsel objected, stating, "This lacks foundation." The trial court overruled the objection, saying that it was "[s]ubject to cross."

11

The prosecutor asked Officer Skeen whether the defendant's wife, who was in the courtroom, appeared to be a long-term methamphetamine user. He replied that she did not appear to be. Defense counsel again objected based on a lack of foundation, and the court stated: "Subject to cross, Counsel. It goes to the weight not the admissibility."

On appeal, the defendant abandons his lack-of-foundation objection to this evidence and argues, instead, that the testimony should have been excluded because (1) Officer Skeen was not qualified as an expert in identifying methamphetamine users, (2) the testimony was improper character evidence under Evidence Code section 1101, and (3) the testimony was an improper comment on the defendant's courtroom demeanor.

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless . . . there appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion . . . ." (Evid. Code, § 353, subd. (a).)

The defendant did not object to Officer Skeen's testimony based on the specific grounds he asserts on appeal. Therefore, he forfeited these objections. (*People v. Alexander* (2010) 49 Cal.4th 846, 905.)

In any event, as noted above, this was not a close case. The defendant, caught with methamphetamine in the vehicle he was driving, admitted that the methamphetamine was his. Even if there had been error as to the evidentiary issues cited in this argument, it would have been harmless.

V

*Cumulative Effect and Forfeiture*

The defendant further contends that, if we find the asserted errors forfeited or harmless, we must still reverse because any forfeiture was occasioned by ineffective assistance of counsel and cumulatively the errors were prejudicial. His argument is that, if the jury had not been exposed to the evidence that the defendant alleges was admitted

12

in error, it may have accepted the defendant's arguments that the methamphetamine found in the vehicle did not belong to him. That argument, however, is simply implausible because of the strength of the evidence against the defendant, as we have already noted. Therefore, under any standard of prejudice, including the prejudice required to establish ineffective assistance of counsel, there was no prejudice. (See *Chapman v. California, supra,* 386 U.S. 18 [federal standard of harmless error, beyond a reasonable doubt]; *People v. Gonzalez, supra,* 64 Cal.App.4th at pp. 437-438 [ineffective assistance of counsel claim requires showing of prejudice].)

VI

*Abstract of Judgment*

The defendant asserts that the abstract of judgment must be corrected to reflect the proper statutory authority for a fine. The Attorney General agrees, as do we.

The trial court imposed a fine of $760 for the defendant's conviction under Health and Safety Code section 11379. As the defendant notes, the fine is authorized by Penal Code section 672.[3] However, the abstract of judgment reflects that the fine was imposed pursuant to Penal Code section 1269b, which does not authorize the fine. Therefore, the abstract of judgment must be corrected to reflect the proper statutory authority.

---

[3]     "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed." (Pen. Code, § 672.)

DISPOSITION

The judgment is affirmed. The case is remanded with directions to correct the abstract of judgment to reflect the proper authority for the $760 fine and to send the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


    NICHOLSON    , Acting P. J.


I concur:


    MAURO    , J.


I concur in the opinion except as to part I of the Discussion, as to which I concur in the result:


    MURRAY    , J.